NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL VACCARO, : | |
| : | Civil Action No.: 04-3480 (JLL) |
| Plaintiff, : | |
| v. : | OPINION |
| HJC AMERICA, INC., AND ABC : | |
| AMERICA 1-10, : | |
| Defendants. : | |

**LINARES**, District Judge.

This matter comes before the Court on Michael Vaccaro's ("Plaintiff" or "Vaccaro") motion to bar expert reports by four of HJC America, Inc.'s ("Defendant" or "HJC America") expert witnesses. For the reasons set forth below, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff suffered injuries in a motorcycle accident on June 28, 2002, while wearing a helmet manufactured by Defendant. (Compl. at 2.) Plaintiff brought suit in the Superior Court of Essex County, New Jersey, on June 18, 2004, alleging that Defendant was liable for Plaintiff's injuries on various product liability theories. (Compl. at 2-7.) Defendant removed to this Court based on diversity jurisdiction.

Discovery proceeded in this case, with the Fourth Amended Scheduling Order of March 13, 2007, requiring Defendant to serve its expert reports by April 16, 2007. (Docket No. 27, Mar. 13, 2007.) Defendant produced the four contested expert reports to Plaintiff by that date.

(Packin Cert. at 1-2.)  The reports in question were written by David R. Thom, P. David Halstead, Warner W. Riley, and Harry L. Smith.  (Id.)  All of these reports were based in part on an accident reconstruction conducted by defense counsel and the four contested defense experts on March 28, 2007.  (Id.; Def.'s Br. at 3.)  Plaintiff claims, and Defendant does not contest, that no notice or opportunity to be present at this accident reconstruction was afforded to Plaintiff.  (Packin Cert. at 2; Def.'s Br. at 3.)  Plaintiff asserts that the accident reconstruction was not filmed.  (Packin Cert. at 3.)  Defendant's expert reports reference photographs, but not video, of the event.  (Pl.'s Ex. C at 44; Pl.'s Ex. D at 55.)  Defendant, however, does not deny the existence of a video, and one of the expert reports does reference a "disc" in addition to the photographs.  (Pl.'s Ex. C at 44.)

The accident reconstruction performed in this case was a "vehicle match-up."  (Def.'s Br. at 3.)  Sample versions of the motorcycle, car, and helmet were manipulated with the use of a surrogate individual to simulate the accident.  (Id.)  "The possible alignments of the vehicles and rider to the vehicles were analyzed using the police report, police photographs, injuries as noted in the medical records, and helmet damage (as determined by inspection)."  (Pl.'s Ex. A at 13.)

Plaintiff was given the opportunity to be represented at other expert witness experiments and tests.  Expert witnesses retained by both parties were present both the initial inspection and full disassembly of Vaccaro's helmet.  (Id. at 8.)

Plaintiff filed a motion to bar the reports by Defendant's expert witnesses on June 12, 2007.  Defendant responded to this motion on July 9, 2007.

## DISCUSSION

**I.     Legal Standard**

An expert witness will be permitted to testify at trial if the court determines that the testimony will assist the fact finder, the expert is qualified, and the testimony will utilize reliable methods or procedures based upon sufficient facts or data from the case. Fed. R. Evid. 702; see also Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993); Oddi v. Ford Motor Co., 234 F.3d 136, 144-46 (3d Cir. 2000). Testifying experts must provide a copy of their report to the opposing party during discovery. Fed. R. Civ. P. 26(a)(2)(B). Rule 26 requires that the expert report contain "a complete statement of all opinions to be expressed and the basis and reasons therefore." Id. The Third Circuit has held that any surprise suffered during expert testimony is best addressed by preparing rebuttal testimony and an adequate cross-examination of the expert witness. Hill v. Reederei F. Laeisz G.M.B.H., 435 F.3d 404, 423 (3d Cir. 2006).

Relevant evidence will be admissible in federal court if its probative value is not substantially outweighed by its danger of unfair prejudice, confusion of issues, potential to mislead the jury, undue delay, waste of time, or cumulative nature. Fed. R. Evid. 403.

Federal courts apply the federal rules for procedure and evidence when sitting in diversity. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000). State rules are only applied in federal court when failure to apply them would either cause unfair discrimination to forum citizens or cause forum shopping in favor of federal court. Chamberlain, 210 F.3d at 159.

**II.     Analysis**

Vaccaro argues in his motion that Defendant's experts should be barred based on "fundamental fairness" because Vaccaro had no representative present when the accident reconstruction took place. (Packin Cert. at 2-3.) HJC America, on the other hand, argues that no issue of "fundamental fairness" exists because Vaccaro suffered no prejudicial surprise. (Def.'s

Br. at 6-7.) Because this dispute does not relate to the traditional Daubert analysis of the admissibility of expert testimony, this Court will address only the specific issue briefed by the parties. Furthermore, because the effect of excluding the expert reports would effectively exclude any opinions offered by the experts under Rule 26, this Court will construe Plaintiff's motion as one to bar Defendant's experts from testifying. Fed. R. Civ. P. 26(a)(2)(B) (requiring testifying experts to submit reports containing opinions to be offered at trial). But see Hill v. Reederei F. Laeisz G.M.B.H., 435 F.3d 404, 423 (3d Cir. 2006) (permitting expert to testify beyond report).

### a.  Balian v. General Motors

The parties disagree about the application of Balian v. General Motors to the current controversy. 296 A.2d 317 (N.J. Super. Ct. App. Div. 1972). In Balian, an automobile products liability case, the defendant attempted to introduce a motion picture at trial during expert testimony. Id. at 320. The movie had been produced by a testifying expert in order to demonstrate that plaintiff's car was steerable even in a damaged condition. Id. at 320-21. The plaintiff did not have an opportunity to view the film beforehand. Id. at 323-24. Upon the Balian plaintiff's challenge to the film, the trial court excluded the motion picture because it did not adequately represent the same conditions as during the accident. Id. at 321. While the expert was still on the stand for cross examination, the trial court recessed for the weekend. Id. The defense took advantage of the time afforded and made a new motion picture with the same expert witness. Id.

The Appellate Division carefully examined the issue of relevance[1] related to the motion picture offered, finding that: films present a danger of undue prejudice due to their "dramatic impact," the particular films in Balian presented collateral issues that could confuse the jury, and that the unfair surprise in Balian was significant. Id. at 323. In discussing the issue of unfair surprise as it related to the relevance inquiry, the court noted that "the manner in which the movies were prepared and presented" was the most important factor in that case, and included both the reopening of a decided evidentiary ruling and the failure to comply with the discovery order. Id.

The discovery order in Balian required the exchange of all expert reports five days prior to trial, and the defendant failed to disclose or produce the first movie by that date. Id. In addressing issue of nondisclosure of the first movie by the defense, the court stated:

> [W]e see no reason why [defendant] could not have prepared the movie before trial and offered plaintiffs an opportunity to see it. By waiting until the eleventh hour it was thus able to prepare the movie without the knowledge of its adversaries and without giving them any opportunity to prepare a rebuttal. We cannot sanction such trial tactics, more reminiscent of the days before the present liberal discovery rules. . . .
> Effective rebuttal can only be had if opposing counsel and his expert are given an adequate opportunity to meet such evidence. We do not consider that cross-examination alone would ordinarily provide a sufficient avenue of rebuttal to the adverse party. Consequently, as a prerequisite to the admission into

---

[1] The Balian court's discussion of relevance was based on New Jersey's then-current rules of evidence, and stated that evidence should be admitted "when relevant and its probative value is not offset by undue prejudice, unfair surprise, undue consumption of trial time, or possible confusion of issues due to introduction of collateral matters." 296 A.2d at 321. In contrast, Fed. R. Evid. 403 does not enumerate unfair surprise as a separate relevancy consideration, beyond its inclusion in unfair prejudice. See United States v. Price, 13 F.3d 711, 719 (3d Cir. 1994) (finding that unfair surprise was a material factor in evaluating prejudicial effect under Rule 403).

> evidence of motion pictures of a reconstructed event or a posed demonstration taken during the pendency of an action, <u>fundamental fairness dictates that the party proposing to offer such evidence give notice thereof and an opportunity to his adversary to monitor the experiment and the taking of the film</u>.
>   This is especially true in this case. Even if it be assumed that emergency preparation during the course of the trial was unavoidable, plaintiffs should have been given notice and an opportunity for their expert to monitor the preparation of the movie. Viewing the movie on the following trial day hardly provided a sufficient opportunity to prepare a rebuttal. <u>In this case defendant significantly gave no notice to plaintiffs of its intention to conduct the first experiment and to take moving pictures of it, nor of its subsequent plan to conduct another test in order to remedy deficiencies in the first one</u> . . .

<u>Id.</u> at 324 (internal citations omitted) (emphasis added).  The new requirement announced by <u>Balian</u>, the requirement of notice and an opportunity to be present at the experiment, could therefore be a rule of general applicability applying to all reconstructions or experiments that will be offered at trial, a rule establishing the prejudicial effect of an accident reconstruction when not disclosed to the other party through ordinary discovery, or a rule establishing a special disclosure and notice requirement for video evidence.

Plaintiff argues that <u>Balian</u> applies to all accident reconstructions.  (Packin Cert. at 4.) Defendant argues that <u>Balian</u> is limited to instances of discovery abuse involving video evidence during expert testimony.  (Def.'s Br. at 6.)  This Court finds neither position to represent a reasonable reading of <u>Balian</u>.  The Appellate Division in <u>Balian</u> was presented with a set of facts demonstrating an extreme case of unfair prejudice from two sources: the movies themselves and the discovery misbehavior concerning the movies.  <u>Balian</u>, 296 A.2d at 322-24.  In discussing these issues, the court conflated the two sources of prejudicial effect.  <u>Id.</u> at 324.  A more precise reading of <u>Balian</u> would be to see the court as describing two potentially serious, material factors

in an analysis of a relevancy balance: the potentially prejudicial nature of video evidence and the unfair surprise of discovery abuse.

This reading of Balian would be consistent with that of other courts. In Monk v. Harmon Discount, the Appellate Division of New Jersey declined to enforce the Balian monitoring requirement because the defendant had provided sufficient notice through discovery of its intent to videotape an accident reconstruction. 2006 WL 2714687, at *6-7 (N.J. Super. Ct. App. Div. 2006) (unpublished). Other courts that have examined the issue have limited Balian's special monitoring requirement to its facts. See Ford v. Estate of Clinton, 656 N.W.2d 606, 614 (Neb. 2003) (refusing to extend Balian in non-motion picture, non-surprise context); Fowler v. S-H-S Motor Sales Corp., 560 S.W.2d 350, 356-57 (Mo. Ct. App. 1977) (distinguishing Balian based on defense misconduct); Rodd v. Raritan Radiologic Assocs., P.A., 860 A.2d 1003, 1011 (N.J. Super. Ct. App. Div. 2004) (applying Balian in context of unduly influential illustrative evidence combined with surprise); Velazquez v. Jimenez, 763 A.2d 753, 771 (N.J. Super. Ct. App. Div. 2004) (refusing to follow Balian in excluding non-demonstrative, non-reconstruction video); Mori v. Town of Secaucus, 17 N.J. Tax 96, 100-01 (N.J. Tax Ct. Oct. 21, 1997) (applying remedy of adjournment to prepare rebuttal testimony rather than exclusion); McGrorey v. Obermayer, Rebmann, Maxwell & Hippel, 14 Pa. D. & C.3d 335, 349-51 (Pa. C.P. June 22, 1978) (reading Balian as limited to situations of discovery abuse and surprise). This Court also finds Balian to be a case most properly applicable in situations of unfair prejudice or surprise.

In addition, the remedy to the issue of surprise in Balian is not fully consistent with the caselaw of the Third Circuit. The court in Hill v. Reederei F. Laeisz G.M.B.H. found that the proper remedy for a party surprised by expert testimony is not exclusion of the surprise

testimony, but an adequate opportunity for cross examination and the preparation of rebuttal testimony, with the understanding that a party might require additional time to prepare the rebuttal.  435 F.3d 404, 423 (3d Cir. 2006).  While the Hill court was not faced with the extreme behavior of Balian, it recognized that the modern view of surprise in expert testimony has changed and no longer favors exclusion.  Id.  Even if the facts in the present controversy were similar to Balian, therefore, it would appear that this Court might have to take a more restrained approach to remedying any expert discovery issue.

        **b.**      **Defendant's Vehicle Match-Up**

Defendant conducted an accident reconstruction without providing notice to Plaintiff on March 28, 2007.  (Def.'s Br. at 3.)  References to and descriptions of the reconstruction appear in all of the Defendant's expert reports.  (Pl.'s Ex. A at 6, Pl.'s Ex. B at 31, Pl.'s Ex. C at 46-47, Pl.'s Ex. D at 55).  Even assuming that expert testimony in this case would be supported by a video of the vehicle match-up—something denied by Plaintiff in its motion—the facts presented here are sufficiently dissimilar to Balian to distinguish the case.  (Packin Cert. at 2-3.)  This case does not involve surprise.  Defendant produced its Rule 26(a)(2) expert discovery in the time provided for under the discovery order in this case.  Plaintiff's motion includes the reports, curricula vitae, and litigation histories of the disputed experts, evidence that Defendant has complied with the requirements of Fed. R. Civ. P. 26(a)(2)(B).  (Packin Cert. at 6-79.)   Plaintiff had forty-five days after the expert discovery to depose Defendant's experts and prepare rebuttal testimony.  (Docket No. 27, Mar. 13, 2007.)

Furthermore, Plaintiff does not point to any federal law governing expert testimony or accident reconstruction to support the motion to bar the Defendant's experts.  It is well-

established that federal courts, when sitting in diversity, utilize the federal rules of evidence and procedure.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) ("A federal court sitting in diversity must apply state substantive law and federal procedural law."); Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

Balian was a case interpreting New Jersey's rule of evidence 4 and civil procedure 4:17-1.  296 A.2d at 321, 323.  Plaintiff does not allege that Balian establishes a substantive rule of New Jersey law that must be applied to discourage forum shopping and avoid inequity in the law.  Chamberlain, 210 F.3d at 159.  Since Plaintiff does not argue that Balian must be applied as a rule of substantive state law under Erie or its progeny, and because this Court believes Balian does not apply in the case at bar, this Court declines to decide whether or not it would be required to apply Balian under Hanna v. Plumer.  380 U.S. 460, 471-74 (1965) (establishing test for choice of law between state and federal rules in diversity); Chamberlain, 210 F.3d at 159 (applying Hanna).

## CONCLUSION

For the forgoing reasons, this Court denies Plaintiff's motion to bar Defendant's experts from testifying.  An appropriate Order accompanies this Opinion.  Any potential prejudice to the plaintiff may be addressed through any necessary rebuttal expert report and/or testimony, as well as cross-examination.

DATED: October 9, 2007                    /s/ Jose L. Linares
                                          United States District Judge