NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL VACARRO,<br><br>Plaintiff,<br><br>v.<br><br>HJC AMERICA, INC. and ABC CORPORATION 1-10,<br><br>Defendants. | Civil Action No.: 04-3480 (JLL)<br><br>ORDER |

Currently before this Court is Defendant HJC America, Inc.'s ("HJC") motion for partial summary judgment. The Court has reviewed the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. The Court finds that:

1. Plaintiff's Complaint states claims against HJC for strict product liability under New Jersey's Products Liability Act, common law negligence, breach of warranty, failure to warn, and punitive damages. These claims are based on injuries sustained by Plaintiff in a motorcycle accident. At the time of the accident Plaintiff was wearing a helmet designed, manufactured, and distributed by HJC.

2. HJC presently moves for summary judgment on Count Two (common law negligence), Count Three (breach of warranty) and Count V (claim for punitive damages). In his opposition, Plaintiff concedes that he "has no basis in law to continue to press [the] common law negligence claim," and that the "breach of warranty claims will not be pursued further." (Pl.'s Br. in Opp'n to Defs.' Mot. for Summ. J., at 1.) Therefore, the Court grants HJC's motion with respect to Counts Two and Three and dismisses those claims with prejudice.

3. With respect to the claim for punitive damages, the New Jersey Punitive Damage Act ("NJPDA") provides that punitive damages are appropriate

> only if the plaintiff proves, by clear and convincing evidence,
> that the harm suffered was the result of the defendant's acts

> or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.

N.J. Stat. Ann. § 2A:15-5.12(a). Subsection (b) provides that "[i]n determining whether punitive damages are to be awarded, *the trier of fact* shall consider all relevant evidence . . . ." Id. at § 2A:15-5.12(b) (emphasis added). Factors for a jury to consider include

> [t]he seriousness of the hazard to the public; the profitability of the misconduct, the attitude and conduct on discovery of the misconduct; the degree of the manufacturer's awareness of the hazard and of its excessiveness; the employees involved in causing or concealing the misconduct; the duration of both the improper behavior and its concealment; the financial condition of the manufacturer and the probable effect thereon of a particular judgment; and the total punishment the manufacturer will probably receive from other sources.

Fischer v. Johns-Manville Corps., 472 A.2d 577, 586 n.3 (N.J. Super. Ct. App. Div. 1984) (alteration in original).

4. HJC argues that "Plaintiff has presented no competent proof that [HJC] acted with malice or wanton, willful disregard." (Br. in Supp. of Mot. for Partial Summ. J., at 3-4.) However, it cites no case dismissing a claim for punitive damages under this statute on summary judgment. On the other hand, Plaintiff points to the report of its expert, Wilson Hayes, Ph.D., who "opined that a simple and inexpensive change in the padding on the helmet would have prevented the severe injuries suffered by [Plaintiff]." (Local R. 56.1 Responsive and Supplemental Stmt. of Mat'l Facts ¶¶ 12, 14 [hereinafter "Pl.'s Responsive Fact Stmt."].) Dr. Hayes also testified that there is public literature that discusses the potential injuries relevant here, making the injuries foreseeable to HJC. (Id. at ¶¶ 13, 15.) Finally, Plaintiff points out that HJC's CEO testified at his deposition that he has previously testified in numerous cases involving injuries to people wearing HJC helmets. (Id. at ¶ 16.) This Court finds that a jury could determine HJC was aware of the hazard, that the hazard could have been easily prevented, and that HJC willfully chose not to correct the error despite this knowledge. See Perlman v. Virtual Health, Inc., No. 01-651, 2005 U.S. Dist. LEXIS 34833, *31 (D.N.J. May 3, 2005) (denying summary judgment where the presence of some evidence

that the defendant was aware of the potential for injury meant that a decision as a matter of law "would require an improper balancing of the evidence" by the Court). Therefore, this Court finds that a genuine issue of material fact exists as to HJC's knowledge and intent; summary judgment on Plaintiff's punitive damage claim is not appropriate.

Accordingly, it is on this 10th day of August, 2009,

**ORDERED** that Defendant HJC's motion for summary judgment (CM/ECF No. 57) is hereby GRANTED in part and DENIED in part. Counts Two and Three are hereby dismissed with prejudice; summary judgment is denied with respect to Count V.

Jose L. Linares,
United States District Judge